JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

JENNY MUNGUIA

**(b)** County of Residence of First Listed Plaintiff: Burlington County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Adam S. Barrist, Esq., 215-432-8829
P.O. Box 1820, Media, PA 19063

## DEFENDANTS

PETROGIANNIS REAL ESTATE PARTNERSHIP LP d/b/a TIFFANY ON THE BLVD., et al.

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C §1332

Brief description of cause:
trip and fall incident in Philadelphia, PA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** In excess of $150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____________ DOCKET NUMBER ____________

DATE: 09/15/2026

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ______ AMOUNT ______ APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

# CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| JENNY MUNGUIA<br>Plaintiff,<br>v. | : | CIVIL ACTION |
| PETROGIANNIS REAL ESTATE PARTNERSHIP LP d/b/a TIFFANY ON THE BLVD., et al.<br>Defendant. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (x)

| 09/15/2026 | [signature] | JENNY MUNGUIA |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-432-8829 | 267-247-3098 | abarrist@barristfirm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Philadelphia, PA

***RELATED CASE IF ANY:*** Case Number:____________________ Judge:______________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

*A.* ***Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:____________________

**B.** ***Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☒ 6. Other Personal Injury (*Please specify*): trip and fall
- ☐ 7. Products Liability
- ☐ 8. All Other Diversity Cases: *(Please specify)*____________________

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JENNY MUNGUIA<br>405 Grant Avenue<br>Beverly, NJ 08010<br><br>Plaintiff,<br><br>v.<br><br>PETROGIANNIS REAL ESTATE PARTNERSHIP LP d/b/a TIFFANY ON THE BLVD.<br>9010 Roosevelt Blvd.<br>Philadelphia, PA 19115<br><br>and<br><br>PAREA HOSPITALITY, LLC d/b/a TIFFANY ON THE BLVD.<br>9010 Roosevelt Blvd.<br>Philadelphia, PA 19115<br><br>and<br><br>MICHAEL'S FAMILY RESTAURANT VI, INC. d/b/a TIFFANY ON THE BLVD.<br>9010 Roosevelt Blvd.<br>Philadelphia PA 19115<br><br>and<br><br>MICHAEL'S FAMILY RESTAURANT VII, INC. d/b/a TIFFANY ON THE BLVD.<br>9010 Roosevelt Blvd.<br>Philadelphia PA 19115<br><br>and<br><br>MICHAEL'S FAMILY RESTAURANT VIII, INC. d/b/a TIFFANY ON THE BLVD.<br>9010 Roosevelt Blvd.<br>Philadelphia PA 19115<br><br>and | CIVIL ACTION<br><br>No.________ |

| | |
|---|---|
| JOHN DOES 1-10 (said names being fictitious)<br><br>and<br><br>XYZ CORPORATIONS 1-10 (said names being fictitious)<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**COMPLAINT**

Plaintiff, Jenny Munguia ("Ms. Munguia" or "Plaintiff"), through her undersigned attorney, brings the following Complaint against the above-captioned Defendants.

**PARTIES**

1. Plaintiff is an adult individual, citizen, resident and domiciliary of the State of New Jersey, with a home address of 405 Grant Avenue, Beverly, NJ 08010.
2. Defendant, Petrogiannis Real Estate Partnership LP d/b/a Tiffany on the Blvd. ("Petrogiannis"), is, upon information and belief, a corporation, partnership or other business entity in the Commonwealth of Pennsylvania, with a principal place of business, place of incorporation and citizenship of 9010 Roosevelt Blvd., Philadelphia, PA 19115.
3. Defendant, Parea Hospitality, LLC d/b/a Tiffany on the Blvd. ("Parea"), is, upon information and belief, a corporation, partnership or other business entity in the Commonwealth of Pennsylvania, with a principal place of business, place of incorporation and citizenship of 9010 Roosevelt Blvd., Philadelphia, PA 19115.
4. Defendant, Michael's Family Restaurant VI, Inc. d/b/a Tiffany on the Blvd. ("Michael's VI"), is, upon information and belief, a corporation, partnership or other business entity in the Commonwealth of Pennsylvania, with a principal place of business, place of

incorporation and citizenship of 9010 Roosevelt Blvd., Philadelphia, PA 19115.

5. Defendant, Michael's Family Restaurant VII, Inc. d/b/a Tiffany on the Blvd. ("Michael's VII"), is, upon information and belief, a corporation, partnership or other business entity in the Commonwealth of Pennsylvania, with a principal place of business, place of incorporation and citizenship of 9010 Roosevelt Blvd., Philadelphia, PA 19115.
6. Defendant, Michael's Family Restaurant VIII, Inc. d/b/a Tiffany on the Blvd. ("Michael's VIII"), is, upon information and belief, a corporation, partnership or other business entity in the Commonwealth of Pennsylvania, with a principal place of business, place of incorporation and citizenship of 9010 Roosevelt Blvd., Philadelphia, PA 19115.
7. Defendants, John Does 1-10 are yet-to-be-ascertained individuals who may be liable to Plaintiffs for the injuries complained of herein.
8. Defendants, XYZ Corporations 1-10 are yet-to-be-ascertained corporate entities who may be liable to Plaintiffs for the injuries complained of herein.
9. Collectively, Petrogiannis, Parea, Michaels' VI, Michael's VII, Michael's VIII, John Does 1-10 and XYZ Corporations shall be referred to, herein, as "Defendants."

## **JURISDICTION AND VENUE**

10. Jurisdiction is conferred pursuant to 28 U.S.C §1332 as Plaintiff is a citizen, resident and domiciliary of the State of New Jersey and Petrogiannis, Parea, Michaels' VI, Michael's VII, Michael's VIII are corporations, partnerships or other business entities with citizenships of, principal places of business in and places of incorporation in the Commonwealth of Pennsylvania.
11. There is, therefore, complete diversity of citizenship between all Plaintiffs and all Defendants.

12. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest, fees and costs.

13. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), as the personal injuries that are the subject of this litigation occurred in Philadelphia, PA, within this District.

**FACTS**

14. On or about January 16, 2025 (the "Incident Date"), Ms. Munguia was a lawful restaurant business invitee at Tiffany on the BLVD, 9010 Roosevelt Blvd., Philadelphia, PA 19115.

15. On the Incident Date, Ms. Munguia tripped and fell on defective pavement (the "Dangerous Condition") that was allowed to remain in Defendants' parking lot after Defendants were on notice/should have been on notice of such condition.

16. The specific Dangerous Condition referred to, above, is depicted in the photograph, below:



17. Such violent incident caused Ms. Munguia to a) sustain the permanent injuries described below, that have caused her body to not heal or function normally with further medical treatment; and b) suffer significant financial harm.

**COUNT ONE – NEGLIGENCE**
**Plaintiff v. Defendants**

18. Plaintiff incorporates, by reference, the foregoing paragraphs, as though set forth fully herein.

19. As the direct and proximate cause of Defendants' negligence as stated above, Ms. Munguia has suffered severe permanent physical injury and financial loss.

20. The injuries that Ms. Munguia has sustained are permanent in nature. Ms. Munguia has suffered great physical and mental pain and anguish, and in all reasonable probability, will continue to suffer in this manner for a long time in the future, if not for the balance of her natural life.

21. As a further result of the above negligent acts committed by Defendants, Ms. Munguia has incurred and will continue to incur substantial medical expenses for medical care and attention and will continue to incur additional medical expenses into the foreseeable future.

22. In addition, Ms. Munguia has suffered other economic injury and will likely continue to suffer such economic injury.

23. Defendants had a duty to Ms. Munguia to properly remove Dangerous Conditions for the benefit of Ms. Munguia and other individuals similarly situated.

24. Defendants had or should have had actual and/or constructive notice of the subject Dangerous Condition.

25. Defendants took no action, insufficient action or improper action to make such condition

safe for individuals in Ms. Munguia's position.

26. Defendants breached said duty, as set forth below.

27. As a direct and proximate result of the aforesaid acts, omissions, carelessness and/or negligence on the part of Defendants, Ms. Munguia suffered severe personal injuries; has been and will be in the future, made to endure great pain and suffering, both physical and mental in nature, has been and will be in the future required to expend great sums of money for medical services; has been and will be in the future prevented from attending to her regular activities, duties and responsibilities; has been and will in the future be made to suffer lost earnings and other pecuniary loss.

28. The aforesaid accident was caused by the negligence and/or carelessness of Defendants, because they:

    a) failed to properly remove the subject Dangerous Condition for the benefit of Ms. Munguia and other individuals similarly situated;

    b) had actual and constructive notice of the Dangerous Condition, yet took no action, insufficient action or improper action to make such condition safe for individuals in Ms. Munguia's position;

    c) otherwise failed to keep the subject property in a safe condition; and

    d) otherwise failed to exercise due care under the circumstances.

29. As the result of the above-referenced incident, Ms. Munguia suffered painful and serious permanent injuries, including, but not limited to:

    a) partial-thickness split tear of the right peroneus brevis tendon;

    b) low lateral right ankle sprain with torn anterior talofibular and calcaneofibular ligaments;

c) bone contusions of the right medial malleolus and medial calcaneus;

d) radiculopathy;

e) cervicalgia;

f) nerve damage throughout her body;

g) strains, sprains, disc bulges and disc herniations throughout her body, the extent of which is presently unknown;

h) torn ligaments and tendons throughout her body, the extent of which is presently unknown;

i) other broken bones throughout her body, the extent of which is presently unknown;

j) head injuries, the extent of which is presently unknown; and

k) emotional harm, the extent of which is presently unknown.

30. As a result of such accident, Ms. Munguia has incurred unreimbursed medical and other expenses and liens (including a worker's compensation lien that was at least $55,000.00 as of the date of this filing) that will continue to accrue for an indefinite time into the future.

31. As a result of such accident, Ms. Munguia suffered grievous pain and suffering and may continue to suffer same for an indefinite time into the future.

32. As a further result of such accident, Ms. Munguia has suffered and will continue to suffer a loss of life's pleasures.

**WHEREFORE**, Plaintiff, Jenny Munguia, demands judgment against the Defendants, jointly and severally, in an amount in excess of $150,000.00, plus costs, fees and whatever additional relief that this Honorable Court deems just and appropriate.

**THE BARRIST FIRM, LLC**

Adam S. Barrist, Esq.
THE BARRIST FIRM, LLC
P.O. Box 1820
Media, PA 19063

Attorney for Plaintiff

Date: September 15, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JENNY MUNGUIA<br>405 Grant Avenue<br>Beverly, NJ 08010<br><br>Plaintiff,<br><br>v.<br><br>PETROGIANNIS REAL ESTATE PARTNERSHIP LP d/b/a TIFFANY ON THE BLVD.<br>9010 Roosevelt Blvd.<br>Philadelphia, PA 19115<br><br>and<br><br>PAREA HOSPITALITY, LLC d/b/a TIFFANY ON THE BLVD.<br>9010 Roosevelt Blvd.<br>Philadelphia, PA 19115<br><br>and<br><br>MICHAEL'S FAMILY RESTAURANT VI, Inc. d/b/a TIFFANY ON THE BLVD.<br>9010 Roosevelt Blvd.<br>Philadelphia PA 19115<br><br>and<br><br>MICHAEL'S FAMILY RESTAURANT VII, Inc. d/b/a TIFFANY ON THE BLVD.<br>9010 Roosevelt Blvd.<br>Philadelphia PA 19115<br><br>and<br><br>MICHAEL'S FAMILY RESTAURANT VIII, Inc. d/b/a TIFFANY ON THE BLVD.<br>9010 Roosevelt Blvd.<br>Philadelphia PA 19115<br><br>and | CIVIL ACTION<br><br>No.________ |

JOHN DOES 1-10 (said names being fictitious) :

and :

XYZ CORPORATIONS 1-10 (said names being fictitious) :

Defendants. :

**<u>JURY DEMAND</u>**

Plaintiff, Jenny Munguia, hereby demands a trial by twelve (12) jurors.

Respectfully submitted,

**THE BARRIST FIRM, LLC**

Adam S. Barrist, Esq.
THE BARRIST FIRM, LLC
P.O. Box 1820
Media, PA 19063

Attorney for Plaintiff

Date: September 15, 2026